**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1075
_____

FLORA LEONARD; KAREN VELAZQUEZ

v.

GOLDEN TOUCH TRANSPORTATION OF NEW YORK INC, a New York
Corporation; UNITED AIR LINES INCORPORATED, a Delaware Corporation;
THE PORT AUTHORITY OF NEW YORK & NEW JERSEY, a joint venture;
GATEWAY SECURITY INC.

GOLDEN TOUCH TRANSPORTATION OF NEW YORK, INCORPORATED;
UNITED AIRLINES, INCORPORATED; THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY; Third Party Plaintiffs

v.

KAREN VELAZQUEZ, Third Party Defendant

Flora Leonard,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-15-cv-02084)
District Judge:  Hon. William H. Walls
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a):
March 27, 2020
_____

Before:  JORDAN, RESTREPO, and FUENTES, *Circuit Judges.*

(Filed:  April 23, 2020)

_____

**OPINION**[*]

_____

RESTREPO, *Circuit Judge*.

This is an appeal involving a personal injury claim arising from a slip and fall accident at Newark Liberty International Airport. The U.S. District Court for the District of New Jersey entered summary judgment for the appellees. We will affirm.

**I**

The following account is based on undisputed facts unless otherwise noted. Flora Leonard is 79 years old and walks with a cane for support. She and her daughter, Karen Velazquez, were traveling together on United Airlines from Norfolk, Virginia, to the United Kingdom. Velazquez testified that she was accompanying her mother on this trip "as an assistant person." Aa-325. Leonard confirmed that she deferred to her daughter for any necessary accommodations "because [Velazquez] knew" Leonard's mobility limitations. Aa-290. At the departing gate, Velazquez requested that her mother be "flagged" for special assistance, Aa-325, believing that this would mean that a wheelchair or "some way to get her from point A to point B" would be provided upon landing, Aa-326. United complied.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The initial leg of their flight involved a transfer at Newark Airport, which is leased to and operated by the Port Authority of New York and New Jersey. Upon arriving at Newark, Velazquez and Leonard boarded an electric cart requested by Velazquez to make their connecting flight. The cart was operated by either United or Gateway Security. The cart driver dropped the two passengers off at the top of a ramp where United staff directed or hurried them to board a shuttle operated by Golden Touch Transportation. Neither Velazquez nor Leonard requested a wheelchair or any other mobility assistance during their transfer at Newark.

Velazquez boarded the shuttle first and did not return to assist Leonard or ask anyone to help Leonard step onto the shuttle. When Leonard tried to board, she slipped and fell on the shuttle's step, which may have been between four and fourteen inches high. Leonard suffered a large cut on her leg and started bleeding profusely. Velazquez did not witness her mother's fall but tried to help her after the accident. When Velazquez tried to apply a tourniquet to her mother's leg, she became covered in her blood. Leonard underwent surgery and hospitalization in New Jersey as a result of this injury, and once back in Norfolk, she developed injury-related infections resulting in two more hospitalizations. Velazquez did not suffer physical injuries or seek medical or psychological treatment in connection with this accident.

Leonard and Velazquez sued United, Gateway Security, Golden Touch, and the Port Authority, seeking compensation for Leonard's personal injury and Velazquez's related emotional distress. Following discovery, the defendants moved for summary

3

judgment, which the District Court granted.  Only Leonard appealed, and did so only with respect to United, Gateway Security, and Golden Touch.[1]

## II

We exercise plenary review over the District Court's grant of summary judgment, drawing all reasonable inferences in favor of the nonmoving party to determine whether any issue of material fact precludes entering judgment as a matter of law.  *Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 418 (3d Cir. 2013).  We may affirm summary judgment on any grounds supported by the record.  *United States ex rel. Spay v. CVS Caremark Corp.*, 875 F.3d 746, 753 (3d Cir. 2017).

## III

To sustain a negligence action under New Jersey law, a plaintiff must demonstrate, among others, that (i) the defendant owed a duty of care to the plaintiff, (ii) the defendant breached that duty, and (iii) the breach was the proximate cause of the plaintiff's injury. *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015).  Accepting that the appellees are all common carriers, "the duty imposed [on them] requires not only that the transportation vehicle be kept safe, but that a safe means of ingress and egress be maintained for the use of the passengers." *Buchner v. Erie R. Co.*, 111 A.2d 257, 258 (N.J. 1955).  That includes eliminating dangerous conditions on the common carriers' property that passengers use to enter and exit the transit vehicle. *Id*. at 288.

---

[1] The District Court exercised diversity jurisdiction under 28 U.S.C. § 1332.  We have jurisdiction under 28 U.S.C. §§ 1291 and 1294.

The District Court held that United did not owe a duty of care to Leonard, because she was not on United's property when she fell. It further held that, regardless of who operated the electric cart, there was no authority for holding that a common carrier breaches its duty of care by hurrying a disabled passenger. The court also found no authority for the proposition that a higher step is itself a dangerous condition. Leonard contests each of these conclusions and argues that there are material issues of fact that preclude summary judgment. While we regret Leonard's unfortunate accident, we see no reason to disturb the District Court's thoughtful decision.

Leonard's principal argument on appeal is that the result of the District Court's analysis would have been different if it had properly applied the heightened duty of care owed by common carriers to passengers with noticeable mobility limitations, consistent with *Carter v. Pub. Serv. Coordinated Transp.*, 136 A.2d 15 (N.J. Super. Ct. App. Div. 1957). There, a pregnant woman traveling alone tripped and fell when attempting to board a bus that may have stopped several inches from the curb. It was disputed whether the bus operator realized that the woman was pregnant and that she would have trouble boarding the bus. *Carter*, 136 A.2d at 17. Given that the woman was "obviously pregnant"—"'large' in her ninth month of pregnancy"—the court held that it was proper to ask a jury whether the operator knew or should have known that he needed to bring the bus closer to the curb to allow her to board safely. *Id*. at 21. The court stated: "Where the defendant through its employee has notice of the physical infirmity of one who is about to board its vehicle, it owes her a duty and is chargeable with a greater degree of attention than where a person is under no physical disability." *Id.*

5

Leonard asserts that the appellees were on notice of her mobility limitations, because she was "flagged" as disabled, she required the assistance of an electric cart intended for disabled passengers, and she is "an older . . . heavy set woman, with a cane." Appellant Br. 18. According to Leonard, the appellee's failure to offer special assistance affirmatively at every step of the way, such as by offering a wheelchair or other assistance with stepping onto the shuttle, resulted in her fall and injury.

Assuming for the sake of argument that this is the level of care demanded from each of the appellees, Leonard's claim still fails because she cannot establish that any alleged breach was the proximate cause of her fall and injury. "Proximate cause consists of 'any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complained of and without which the result would not have occurred.'" *Townsend*, 110 A.3d at 61 (quoting *Conklin v. Hannoch Weisman*, 678 A.2d 1060, 1071 (N.J. 1996)). If multiple acts or omissions could have caused an event, there must be some evidence that an actor's negligent conduct was a "substantial factor" in causing the harm. *Kulas v. Pub. Serv. Elec. & Gas Co.*, 196 A.2d 769, 772 (N.J. 1964). An "actor's negligent conduct is not a substantial factor in bringing about harm to another if it would have been sustained even if the actor had not been negligent.'" *Id.* (citations omitted).

It is common ground between the parties that Leonard was relying on her daughter to make any necessary accommodations for her mobility needs, a responsibility that Velazquez willingly assumed. Velazquez and Leonard voluntarily rode the electric cart that Velazquez requested, and neither of them specifically requested a wheelchair or any

6

other special assistance during their transfer at Newark. In fact, Velazquez testified that her mother did not need assistance beyond what she was able to provide: "[S]he didn't need any help other than like me. . . . I was her companion for the flight. And that's all she needed besides her cane." Aa325. Leonard has not offered any facts to contradict that statement, *i.e.*, a factual rebuttal that would allow a reasonable juror to find that Velazquez or Leonard would have accepted additional assistance if offered. And there is no indication that the appellees would have refused to assist her if asked. In those circumstances, common carriers cannot be expected to override a passenger's preferences and insist on offering additional assistance at every turn or require that it be accepted by an otherwise mobile passenger. A common carrier's heightened duty of care cannot go so far as to limit a passenger's autonomy.

In short, Leonard's intentional decision to request and accept certain assistance while foregoing other options created the situation in which she found herself when she slipped and fell. The appellee's reasonable acquiescence in those choices cannot be deemed a substantial factor in their consequences.

**IV**

For these reasons, we will affirm summary judgment for the appellees.

7

*Leonard, et al. v. Golden Touch Transportation, et al.*, No. 19-1075
JORDAN, *Circuit Judge, concurring in the judgment*

I agree fully with the Majority's recitation of the underlying facts in this case, its framing of the standard of review and issues raised on appeal, and, most significantly, its decision to affirm the District Court's dismissal of the plaintiffs' claims. I write separately, however, because, unlike the Majority, I do not see this case as turning on the question of proximate cause. Instead, in my view, it turns on whether any of the defendants breached a duty of care to the plaintiffs. Even assuming that, as the plaintiffs contend, the defendants owed a heightened duty of care to the elderly plaintiff, Ms. Leonard, the plaintiffs nevertheless failed to carry their burden of presenting evidence sufficient to raise a genuine dispute of material fact as to whether any defendant breached its duty.

For example, the plaintiffs cite no evidence that the entrance step on the bus – the step on which Leonard fell and injured herself – was broken, slippery, obstructed, or otherwise improperly maintained. While the plaintiffs speculate that the step may have been higher than it ought to have been, the record is devoid of evidence, expert or otherwise, that the height of the step was unsafe for someone in Leonard's condition, even if it were as high as the plaintiffs claimed it to be.

The plaintiffs similarly fail to cite evidence supporting a reasonable inference that the defendants failed to provide Leonard with some additional assistance she was entitled to. Although plaintiff Velazquez had Leonard "flagged" as needing extra help, neither plaintiff requested a wheelchair for Leonard. Leonard left the arrangements to

1

Velazquez, and Velazquez did not believe that Leonard needed a wheelchair. According to Velazquez, she "probably" explained to United that Leonard needed assistance because "the walk[] in the airport is such a long walk[.]" Aa 336. But that concern was addressed by the provision of an electronic cart to transport the plaintiffs from their arrival gate at the Newark airport to the shuttle bus gate. The plaintiffs never expressed any concern about Leonard's ability to traverse the ramp to the shuttle bus or to board the bus, even after specifically being told that is what they needed to do. As aptly stated by the Majority, albeit in the proximate cause context, "common carriers cannot be expected to override a passenger's preferences and insist on offering additional assistance at every turn or require that it be accepted by an otherwise mobile passenger." Majority Op. at 7.

In short, I believe we are dealing with a question of whether any further duty to the plaintiffs was owed, and I would say it was not. I would hold that the defendants could not have breached a duty to the plaintiffs by failing to override the plaintiffs' preference to continue their journey without seeking additional help, nor by failing to offer help that there is no evidence was needed or would have been accepted. Because the plaintiffs have not adduced evidence sufficient to raise a genuine dispute as to whether the defendants breached a duty of care, I would affirm the District Court's dismissal on that basis and would not reach the issue of proximate cause.